UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

RICHARD CHARLES NORTON,
　　　　　*Defendant-Appellant.*

No. 01-4957

Appeal from the United States District Court
for the Western District of Virginia, at Big Stone Gap.
James P. Jones, District Judge.
(CR-99-78)

Submitted: August 20, 2002

Decided: August 30, 2002

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Monroe Jamison, Abingdon, Virginia, for Appellant. Thomas Jack Bondurant, Jr., Assistant United States Attorney, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Richard Charles Norton was convicted of racketeering, racketeering conspiracy, mail fraud, illegal remunerations in violation of the Medicare Anti-Kickback Act, federal program bribery, transportation of fraudulently obtained funds, and money laundering conspiracy. The district court sentenced him to sixty months imprisonment, three years supervised release, a $25,000 fine, and $800,581.64 in restitution. On direct appeal, this court affirmed all of Norton's convictions except the conviction for racketeering, which the panel vacated due to improper jury instructions. This court remanded the case to the district court for entry of a new judgment. *United States v. Norton*, No. 00-4879, 2001 WL 939052 (4th Cir. Aug. 20, 2001) (unpublished). While his appeal was pending, Norton filed a motion for a new trial in the district court. Upon remand from this court, the district court denied the motion for a new trial and entered an amended judgment in light of this court's instructions. Norton now appeals. His attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but addressing whether the district court abused its discretion in denying Norton's motion for an evidentiary hearing in connection with his motion for a new trial based on after-discovered evidence. Norton has filed a pro se supplemental brief. We affirm.

This court reviews the denial of a Rule 33 motion for abuse of discretion. *United States v. Russell*, 221 F.3d 615, 619 (4th Cir. 2000). In order to prevail on the motion, Norton would have to demonstrate: (a) the evidence on which his motion is based was discovered after trial; (b) diligence on his part in discovering the evidence; (c) the evidence relied on is not merely cumulative or impeaching; (d) it is material to the issues involved; and (e) it would be of sufficient weight to probably produce an acquittal at a new trial. *United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987). Unless his motion satisfies each of these requirements, a new trial is not warranted. *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989).

We have reviewed counsel's brief, the record, and a transcript of the hearing on the motion for a new trial, and find that the district

court did not abuse its discretion in finding that Norton's motion failed to satisfy the requirements for a new trial under Rule 33.

In accordance with the requirements of *Anders*, we have reviewed the record for potential error and have found none. We further find no merit to Norton's claims raised in his pro se supplemental brief. Therefore, we affirm the district court's denial of Norton's motion for a new trial. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from further representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*